IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WADE WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-00704-RAH |
| | ) |
| STATE FARM FIRE & | ) |
| CASUALTY COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' *Motion to Remand* (doc. 33) filed on September 23, 2025. The motion has been fully briefed, orally argued, and is ripe for review. After careful consideration, the motion is due to be **GRANTED**.

## BACKGROUND

This case was originally filed in the Circuit Court of Houston County, Alabama. Plaintiffs are 101 individuals and businesses who have collectively filed suit against State Farm Fire & Casualty Company ("State Farm") and twelve insurance agents over 87 distinctive insurance claim denials. In their Complaint, Plaintiffs bring claims for breach of contract and bad faith against State Farm, and misrepresentation claims against the insurance agents ("the Insurance Agent Defendants").

State Farm timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, which spurred Plaintiffs' *Motion to Remand*. According to Plaintiffs, this Court lacks subject matter jurisdiction because complete diversity between the parties is lacking. State Farm argues there has been fraudulent joinder of the Insurance Agent Defendants, all of whom are Alabama citizens.

**LEGAL STANDARD**

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (cleaned up) (citing 28 U.S.C. §§ 1331, 1332(a)).  Relevant here is the latter, which is known as "diversity jurisdiction." Civil actions that meet diversity jurisdiction criteria and are brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Assuming the district court has subject matter jurisdiction, the case may proceed in federal court.

"[R]emand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (citation omitted).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court," *Florence,* 484 F.3d at 1297, because the plaintiff is said to have effectuated a fraudulent joinder and a federal court may appropriately assert its removal diversity jurisdiction over the case, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

"The burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  And it is one that rests with the removing defendant. *Id.*  A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into

state court." *Id.* (citation omitted). "The defendant must make such a showing by clear and convincing evidence." *Henderson v. Wash. Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).

The court, however, must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citation omitted). And the court must make "these determinations based on the plaintiff's pleadings at the time of removal" but "may consider affidavits and deposition transcripts submitted by the parties." *Id.* "If there is even a *possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[], the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (emphasis added) (internal quotations and citation omitted); *see Pacheco de Perez,* 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). In other words, "the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Stillwell*, 663 F.3d at 1333 (brackets omitted) (quoting *Triggs*, 154 F.3d at 1287).

## DISCUSSION

In its removal notice, State Farm states that the Insurance Agent Defendants, all of whom are citizens of Alabama and have been sued under nearly identical claims for fraudulent misrepresentation, are fraudulently joined, and therefore their citizenship should be ignored. Plaintiffs dispute State Farm's fraudulent joinder assertion, claiming that State Farm has not shown that complete diversity exists or that the amount in controversy is less than the Court's jurisdictional threshold. In particular, Plaintiffs claim that they have stated plausible claims of

3

misrepresentation against the Insurance Agent Defendants under Alabama law and that the amount in controversy is in excess of $75,000.

Under Alabama law, "[t]he elements of a fraudulent-misrepresentation claim are: '(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate cause of the misrepresentation.'" *Sexton v. Bass Comfort Control, Inc.*, 63 So. 3d 656, 662 (Ala. Civ. App. 2010) (quoting *Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988)). "The [plaintiff] must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained" from the complainant as a result of the fraud. *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288, 290 (Ala. 1981). For misrepresentation claims, a plaintiff's reliance on the misrepresentation must be reasonable considering the facts surrounding the transaction. *See AmerUs Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1207–08 (Ala. 2008).

In their remand motion, Plaintiffs argue that removal was improper because they have made specific allegations of misrepresentations by the Insurance Agent Defendants in their Complaint. Specifically, they allege that each of the Insurance Agent Defendants represented that a State Farm insurance policy "would cover [their] roof to include damage from wind and hail" and that "in reliance thereon [they] purchased a State Farm [] policy." (*See, e.g.*, Doc. 1-2 at 531.)[1] They further allege that the representations were false because the roofs to their homes and commercial structures later suffered wind and hail damage that State Farm has refused to pay. (*See, e.g.*, *id.* at 532.) In briefing on the remand motion, Plaintiffs have submitted sworn declarations stating under oath that "the agent represented and assured me that the State Farm [] policy I was purchasing would cover wind and hail damage and that State Farm would pay for such losses if they occurred." (Docs. 33-

---

[1] The referenced citation is an example citation. Virtually identical representations are alleged to have been made to each of the Plaintiffs.

1, 33-2, 33-3, 33-4, 33-5, 33-6, 33-7, 33-8, 33-9, 33-10, 33-11, 33-12, 33-13, 33-14, 33-15, 33-16, 33-17, 33-18, 33-19, and 33-20.)

State Farm argues in opposition to Plaintiffs' remand motion that Plaintiffs cannot maintain fraudulent misrepresentation claims against the Insurance Agent Defendants because the State Farm insurance policies do in fact provide coverage for "wind and hail damage." Thus, according to State Farm, there can be no actionable misrepresentation by the Insurance Agent Defendants at the point of sale of the policies. In other words, according to State Farm, Plaintiffs' contention that the Insurance Agency Defendants made misrepresentations is the product of conflating "coverage" and "covered loss," as those terms are understood in the insurance context. State Farm also argues that, even assuming the Insurance Agent Defendants had represented something contrary to the terms of the later-issued State Farm insurance policies, such statements could not have been reasonably relied upon given an applicant's responsibility for reading his or her own written policy. State Farm then goes on to argue that Plaintiffs' misrepresentation claims are insufficiently specific to satisfy Rule 9(b)'s heightened pleading requirements.

Important here is that at issue is not whether the Complaint is well-drafted for state or federal pleading purposes. Rather, the issue is whether there is "no possibility" that Plaintiffs can establish a cause of action against one or more of the Insurance Agent Defendants for misrepresentation. Plaintiffs need not have a winning case against the Insurance Agent Defendants. They "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis omitted).

The Eleventh Circuit addressed a similar issue in *Stillwell v. Allstate Ins. Co. See* 663 F.3d 1329, 1329 (11th Cir. 2011). There, Allstate Insurance argued the plaintiff fraudulently joined a non-diverse insurance agent that had sold him his insurance policy. *Id.* at 1331–32. The district court denied the plaintiff's motion to

remand, concluding that the plaintiff fraudulently joined the agent. *Id.* at 1332. On appeal, the Eleventh Circuit contrasted the fraudulent joinder standard with the standard of review for a Rule 12(b)(6) motion, stating "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Id.* at 1333 (quoting *Triggs*, 154 F.3d at 1287). In concluding that the district court erred in denying the plaintiff's motion to remand, the Eleventh Circuit stated "[a]s the allegations against [the non-diverse insurance agent] state the elements of [the Georgia state law claims] and give [the defendant] fair notice that it is being sued for [breach of those state law claims], it is, at the very least, possible that a . . . state court would conclude that [plaintiff's] allegations against [the non-diverse defendant] satisfied this standard." *Id.* at 1334–35.

Here, Plaintiffs' allegations against the Insurance Agent Defendants state the elements of Alabama state law claims for fraudulent misrepresentation and provide notice to State Farm and the Insurance Agent Defendants of those claims. And Alabama law is clear that "an insurance agent may be held liable [in tort] for wrongful procurement [of insurance] where [the agent] procures a policy" but was negligent or wanton and, as a result, "that policy did not provide the 'complete and adequate' coverage desired by the insured." *Bartlett v. Allstate Ins. Co.*, Civ.A. 05-518-BH-M, 2005 WL 2978323, at *2 (S.D. Ala. Nov. 7, 2005) (quoting *Crump v. Greer Brothers, Inc.*, 336 So. 2d 1091, 1093 (Ala. 1976)); *see also Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993); *Thompson v. United Companies Lending Corp.*, 699 So. 2d 169, 175 (Ala. Civ. App. 1997); *Parrett v. Allstate Ins. Co.*, No. 2:08-CV-983-WKW, 2009 WL 1505510, at *2 (M.D. Ala. May 28, 2009) (rejecting a claim of fraudulent joinder of an agent alleged to be liable under Alabama law for negligent procurement of insurance). More importantly, Alabama law is also clear that an insurance agent may be held liable to the insured for misrepresenting the coverage of a later-issued insurance policy. *See, e.g., Alfa Mut.*

*Fire Ins. Co. v. Thomas*, 738 So. 2d 815, 819 (Ala. 1999); *Allstate Ins. Co. v. Hilley*, 595 So. 2d 873, 876 (Ala. 1992) (applying justifiable, not reasonable, reliance standard); *see also Carter v. Companion Life Ins. Co.*, 2019 WL 11637304, at *17 (N.D. Ala. Feb. 22, 2019) (denying motion to dismiss misrepresentation claim against agent for making misrepresentations about scope of coverage of later-issued policy); *Pensinger v. State Farm Fire & Cas. Co.*, 347 F. Supp. 2d 1101, 1106-07 (M.D. Ala. 2003) (rejecting insurer's argument that plaintiff had fraudulently joined agent, in light of allegations that agent misrepresented and suppressed information about policy that led them to believe that it would cover damage to and loss of use of their home); *Barkley v. State Farm & Cas. Co.*, Civ.A. 05-00113-B, 2005 WL 1587796, at *4 (S.D. Ala. June 30, 2005) (rejecting claim of fraudulent joinder as to insurance agent because "it is unquestioned that under Alabama law an insurance agent may be found personally liable for misrepresentations, suppression of material facts[,] and concealment in the sale of an insurance policy.").

It is not terribly surprising that the Insurance Agent Defendants find themselves as defendants in this case, although it is largely State Farm's own conduct in denying Plaintiffs' roof claims that is at issue. But Plaintiffs have alleged that the Insurance Agent Defendants made express representations about the State Farm insurance policies that were false and induced them to procure the policies in the first place. These kinds of claims are cognizable in Alabama, although difficult to win. Nevertheless, viewing these allegations in a light most favorable to Plaintiffs and given Alabama's recognition of civil tort liability claims against insurance agents, it cannot be said that there is no possibility that Plaintiffs could prove a set of facts that would entitle them to relief under Alabama's pleading standards and Alabama law.

While it is true that Plaintiffs' misrepresentation claims are governed by the particularly requirements of Alabama's version of Rule 9(b), which largely mimic

the federal version, and that the pleadings against the Insurance Agent Defendants arguably are insufficient to satisfy either Alabama or Federal Rule of Civil Procedure 9, that concern does not control the outcome as it concerns the fraudulent joinder issue. As stated by the Eleventh Circuit in *Henderson v. Washington Nat. Ins. Co.*, "[o]ur task is not to gauge the sufficiency of the pleadings in this case." 454 F.3d 1278, 1284 (11th Cir. 2006); *see also Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846–47 (11th Cir. 2013).

      This Court does not speak to this issue for the first time here. As this Court said it previously, "[c]onsidering the Eleventh Circuit's guidance in *Henderson*, this Court will not decide the issue of fraudulent joinder on [the Defendant's] assertion that [the] Plaintiffs' fraud and conspiracy claims against [the non-diverse Defendant] are insufficiently pleaded or fail to state a claim under Rule 9(b) or otherwise." *Watson v. HomeFirst Agency, Inc.*, No. 2:23-cv-449-RAH-SMD, 2023 WL 6926261, at *4 (M.D. Ala. Oct. 19, 2023). In a similar vein, this Court again will not decide the fraudulent joinder issue against Rule 9. Whether or not Plaintiffs are able to ultimately prevail on their misrepresentation claims is not at issue at this stage. The objective is not to pre-try the merits of Plaintiffs' claims, as a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction. Although the question is close, State Farm has failed to establish by clear and convincing evidence that the joinder of the Insurance Agent Defendants is fraudulent.

      On a final note, one can hardly fault State Farm for suggesting that Plaintiffs' counsel is indiscriminately suing insurance agents for fraud as a means to avoid federal court. Some of the allegations in this case lend credence to that view. After all, Plaintiffs are 101 individuals and businesses who have sued twelve different insurance agents and make virtually identical claims of fraudulent misrepresentation

across the board. Although counsel's practice here of recycling nearly identical allegations without regard to their applicability to a particular defendant is troubling, the Court is not persuaded that the similarity in the allegations or the number of Plaintiffs or Defendants is enough on its own to establish actual fraudulent pleading in this action.[2]

## CONCLUSION

On the record presented, the Court is not sufficiently convinced that no possibility exists where Plaintiffs could establish a misrepresentation claim against any of the Insurance Agent Defendants. Accordingly, the Court cannot find that Plaintiffs fraudulently joined the Insurance Agent Defendants to defeat federal diversity jurisdiction.    Plaintiffs *Motion to Remand* (doc. 33) is therefore **GRANTED**, and this action is **REMANDED** to the Circuit Court of Houston County, Alabama.

The Clerk of the Court is **DIRECTED** to terminate all other pending motions (docs. 56, 59, 63), take the necessary steps to remand this case back to the Circuit Court of Houston County, Alabama, and to close the case

**DONE** and **ORDERED** this the 1st day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs have submitted sworn declarations that say virtually the same thing as it concerns the Insurance Agent Defendants. If that testimony later provides false, State Farm certainly has potential recourse through sanctions for submitting false declarations in an effort to manipulate the Court or induce court action, perjury proceedings, or re-removal to federal court under 28 U.S.C. § 1446(c)(3)(B) for bad faith conduct by Plaintiffs. *See Hill v. Allianz Life Ins. Co. of North America*, 51. F. Supp. 3d. 1277, 1281–82 (M.D. Fla. 2014) (clarifying the "bad faith exception to the one year limitation on diversity removal"); *see also Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997) ("[T]he plaintiff's claims are in bad faith if, by her actions, she attempted to disguise the removability of the case until the one-year limitation had run.").